NO. 07-06-0226-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 12, 2007
_____

IN THE INTEREST OF M.L.M., A CHILD
_____

FROM THE 100TH DISTRICT COURT OF CHILDRESS COUNTY;

NO. 9286; HONORABLE PHIL VANDERPOOL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Stefani Hobbs Moore appeals a judgment by which the trial court terminated appellant's parental rights to her daughter MLM and named the child's father Jerome Flemons permanent managing conservator. Appellant now challenges the trial court's findings that the Texas Department of Family and Protective Services established each ground for termination by clear and convincing evidence. We affirm.

After the arrest of appellant and her boyfriend, Mickey Charles Hill, for attempting to manufacture methamphetamine in October 2004, the Department took custody of one-year-old MLM. MLM was released to Hill's mother and grandmother with the stipulation that appellant not have unsupervised visitation. When that condition was violated and

appellant was charged with additional offenses in July 2005, the Department placed MLM in foster care. It also filed a petition seeking termination of the parental rights of appellant, Flemons, and another potential father. As to appellant the petition alleged nine grounds for termination and that termination was in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2006). A September 2005 order adopted the Department's service plan listing tasks appellant was required to accomplish to regain custody of MLM. In October, the Department filed a permanency plan and progress report that stated appellant was compliant with several aspects of the prior plan but that more work was necessary toward compliance with other requirements, including maintaining stable employment and timely response to requests for random drug tests. The plan's stated goal was family reunification.

After a December 2005 permanency hearing the trial court issued an order finding appellant had not demonstrated adequate compliance with the Department's service plan. Also in December the Department received test results confirming Flemons was MLM's natural father. It took a nonsuit as to the other potential father and, after conducting a home study, placed MLM with Flemons and his wife Amanda in February 2006. She remained there through the time of trial in May 2006.

The evidence at trial consisted of testimony from four witnesses called by the Department: caseworker LaRae Alexander, Jerome Flemons, Amanda Flemons and appellant. At trial the Department requested that Flemons be named permanent managing conservator. Alexander testified to appellant's limited compliance with the conditions of the service plan. Appellant told Alexander she was employed before her most recent

2

arrest but Alexander was unable to confirm that. Appellant had completed drug and alcohol use assessments but, according to Alexander, did not complete the required counseling. Alexander recounted appellant passed one drug screening but had not responded to "approximately five" requests for random screening. Appellant had moved two or three times since Alexander was assigned to the case the previous July, and had failed to maintain contact with Alexander. According to Alexander, MLM had been doing well while living with the Flemons.

Amanda Flemons expressed interest in adopting MLM. Jerome Flemons agreed it would be in MLM's best interest to terminate appellant's parental rights, and that he and Amanda would be able to support and care for MLM. During trial the Department abandoned five of its alleged grounds supporting termination of appellant's parental rights. Through her attorney, appellant invoked her Fifth Amendment right against self-incrimination when questioned about her drug use but did assert she had attempted to meet all the conditions of the service plan. She also explained that her inability to perform some requirements was caused by the lack of resources such as transportation.

On appellant's motion at the close of the Department's case, the trial court found the Department had not proven its contention she failed to support MLM in accordance with her ability. The court found the Department established the three remaining grounds and that termination was in the best interest of the child. Those grounds were that appellant knowingly placed or allowed the child to remain in conditions which endangered her physical or emotional well-being, engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered her physical or emotional well-being,

3

and failed to comply with the provisions of a court order specifically establishing the actions necessary to obtain return of the child. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (O) (Vernon Supp. 2006).

Family Code Section 161.001 authorizes termination of parental rights on proof of two elements by clear and convincing evidence: first, that the parent committed any one of the enumerated acts or omissions; and second, that termination is in the best interest of the child. Tex. Fam. Code Ann. § 161.001 (Vernon Supp. 2005); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re S.A.P.*, 169 S.W.3d 685, 695 (Tex.App.–Waco 2005, no pet.); *In re S.M.L.D.*, 150 S.W.3d 754, 756 (Tex.App.–Amarillo 2004, no pet.). Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. Tex. Fam. Code Ann. § 101.007 (Vernon 2002); *In re J.L.*, 163 S.W.3d 79, 84 (Tex. 2005). Accordingly, appellate review of the sufficiency of evidence supporting a termination finding must determine and address whether the evidence is such that the trier of fact could reasonably form a firm belief or conviction about the truth of the allegation. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). Our review must encompass the entire record. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

Appellant's first point assigns error to the trial court's finding that termination of her parental rights was in the best interest of MLM. She initially argues the Department "failed to offer clear and convincing evidence as to how terminating appellant's parental rights improved [MLM's] situation greater than by appointing [appellant] as possessory

conservator of the child and requiring her to pay child support." Texas law long has recognized a strong presumption that the best interest of a child is served by preserving the parent-child relationship. *Wiley v. Spratlan*, 543 S.W.2d 349, 352 (Tex. 1976). By statute, that relationship may be terminated only by findings based on clear and convincing evidence. But by statute also, the issue the court must address is whether termination is in the best interest of the child, not whether the child's situation will be improved more by one action than another.

In 1976 the Texas Supreme Court listed factors our courts have considered when determining whether termination is in the best interest of the child. See *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). The non-exclusive list set out in *Holley* includes the desires of the child; the emotional and physical needs of the child now and in the future; the emotional and physical danger to the child now and in the future; the parental abilities of the individuals seeking custody; the programs available to assist these individuals to promote the best interest of the child; the plans for the child by these individuals or by the agency seeking custody; the stability of the home or proposed placement; the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and any excuse for the acts or omissions of the parent. *Id.* at 372. The best interest analysis evaluates the best interest of the child, not that of the parent. *In re S.A.P.*, 169 S.W.3d at 707.

Appellant does not argue the court's judgment is unsupported by the *Holley* factors, but she cites *Horvatich v. Texas Dep't of Protective & Regulatory Svcs.*, 78 S.W.3d 594

5

(Tex.App.–Austin 2002, no pet.), in support of her contention the court's failure to consider "a lesser alternative than termination" rendered the evidence of best interest insufficient. The court in *Horvatich* found the evidence of best interest insufficient under the applicable factors.[1] But there, the caseworker then assigned to the case was not permitted to testify because she was not designated as a witness. *Id.* at 599. As a result, there was no evidence before the court on the status, at the time of trial, of the children in foster care, the Department's plans for the children or why it did not seek placement with an available relative.[2] On appeal, the court found the uncertainty of the parent's plans for the future inadequate to show termination was in the child's best interest, where the Department was not able to present evidence of its plans. *Id.* at 601. Here, the Department presented the evidence lacking in *Horvatich*. The Department showed its plans for permanent placement of MLM, including evidence of her functioning in that placement pending trial and testimony of her natural father and his wife who desired to adopt MLM. The evidence also showed the stability of the Flemons' home, their parental abilities, and MLM's bonding with the Flemons and their daughter.

There is scant, if any, evidence in this record supporting a conclusion that naming appellant possessory conservator and requiring her to pay child support, as she suggests,

---

[1] The opinion in *Horvatich* does state the evidence in that case "at least suggests that the Department did not adequately consider reunification or placement with relatives as viable alternatives to termination." 78 S.W.3d at 602. As the opinion makes clear, however, that weakness was only one of several causing the court to conclude the Department's evidence on best interest was insufficient.

[2] *See In re T.N.*, 180 S.W.3d 376, 385 (Tex.App.–Amarillo 2005, no pet.) (also distinguishing *Horvatich*).

6

would promote stability for MLM[3] or otherwise is in the child's best interest. At the time of the hearing, appellant was on felony deferred adjudication probation, and was in the county jail facing further criminal proceedings. The record shows appellant had failed to make any support payments during this proceeding and, by her own testimony at the hearing, she had no capability to make support payments. As fact finder, the trial court was permitted to draw inferences adverse to appellant concerning her illegal drug use when she asserted her constitutional right against self-incrimination on being asked why she had not submitted to the required drug tests. *See In re C.J.F.* 134 S.W.3d 343, 352 (Tex.App.–Amarillo 2003, pet. denied) (applying, in termination case, rule that adverse inferences may be drawn from assertion of Fifth Amendment privilege). The evidence showing appellant engaged in conduct endangering to her child, discussed in our consideration of appellant's third point of error, also is relevant to the issue of the child's best interest. *See In re C.H.*, 89 S.W.3d at 28 (holding same evidence may be probative both of best interest and other termination issues).

Under either the legal or factual sufficiency standards of review, we conclude the evidence was sufficient to permit the court to reach a firm belief or conviction that termination of appellant's parental rights was in the best interest of MLM. We overrule appellant's first point.

---

[3] Another case appellant cites, *In re M.A.N.M.*, 75 S.W.3d 73 (Tex.App.–San Antonio 2002, no pet.), recognizes a child's need for permanence as "the paramount consideration for the child's present and future physical and emotional needs." *Id.* at 77.

Appellant's third point addresses the sufficiency of the evidence that she engaged in conduct or placed the child with others who engaged in conduct which endangered the child's physical or emotional well-being. *See* Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon Supp. 2006). She argues the evidence showed, at most, sporadic and disjointed drug use. She does not deny the risks posed by her drug use, but argues the Department was obligated to show a course of conduct, rather than individual acts or omissions, citing *In re D.M.*, 58 S.W.3d 801, 812 (Tex.App.–Fort Worth 2001, no pet.). We agree a single episode of endangering conduct typically is insufficient. *See In re S.M.L.D.*, 150 S.W.3d at 758. But the evidence here establishes that appellant had engaged in a course of endangering conduct. There was evidence appellant's amphetamine use had resulted in termination of her parental rights to two other children before MLM was born.[4] Here again, the trial court could draw adverse inferences from appellant's invocation of her Fifth Amendment rights in response to questions about her drug use. *See In re C.J.F.* 134 S.W.3d at 352. There was evidence appellant's conduct was not limited to use of illegal drugs. The Department's involvement with MLM arose from appellant's arrest for attempting to manufacture methamphetamine.[5] Appellant's drug use continued after MLM

---

[4] Appellant acknowledged during her testimony that one of her children tested positive for amphetamine. *See Cervantes-Peterson v. Texas Dept. of Family & Protective Services*, No. 01-05-0307-CV, 2006 WL 2195241 (Tex.App.–Houston [1st Dist.] August 3, 2006, no pet.) (citing drug use during another pregnancy as evidence mother would continue to endanger child). *See also In re Baby Boy R.*, 191 S.W.3d 916, 925 (Tex.App.–Waco 2005, pet. denied) (considering conduct toward stepchild).

[5] Appellant pled guilty to this charge and, as noted, was placed on deferred adjudication probation.

8

was removed and she knew regaining custody depended on foregoing the use of drugs. The record shows appellant's drug use was part of a continuing course of conduct.

Alexander also testified to the risks created by appellant's drug-related conduct. In Alexander's experience as a caseworker methamphetamine use results in the type of instability in the child's environment found here, including the parent's inability to maintain stable employment and housing. Courts may consider a parent's pattern of drug use and its effect on children in determining whether the conduct endangered the children. *See In re T.N.,* 180 S.W.3d at 383; *Vasquez v. Texas Dept. of Protective & Regulatory Services,* 190 S.W.3d 189, 196 (Tex.App.–Houston [1st Dist.] 2005, pet. denied); *S.M.L.D.,* 150 S.W.3d at 758; *In re R.W.,* 129 S.W.3d 732, 739 (Tex.App.–Fort Worth 2004, pet. denied); *In re U.P.,* 105 S.W.3d 222, 234 (Tex.App.–Houston [14th Dist.] 2003, pet. denied). The evidence is sufficient to support a firm conviction or belief that appellant engaged in conduct that endangered MLM's well-being, and thus is legally and factually sufficient to support the court's finding. We overrule appellant's third point.

Our disposition of appellant's first and third points is dispositive of her appeal. We need not address her second or fourth points. *See In re A.V.,* 113 S.W.3d at 362 (only one finding under Family Code section 161.001(1) is necessary for termination, along with a best interest finding). We affirm the trial court's judgment.


James T. Campbell
Justice